```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
GINA MARIE BENTLEY, et al.,
                                  *
     Plaintiffs,
v.                                *      CIVIL NO.: WDQ-05-1442

JEFFREY M. RIDDLE, et al.,        *

     Defendants.                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Plaintiffs Gina Marie Bentley, Peter L. Mohr, Phaedre Eve Mohr, David Lee Mohr, and Daniel C. Toland, Jr.[1] sued Defendants Jeffrey M. Riddle ("Riddle") and Kellogg Sales Co., d/b/a Kelloggs Snacks ("Kellogg Sales") for the wrongful deaths of Mary V. Mohr and Leroy P. Mohr.  Pending is Plaintiffs' motion for leave to file a second amended complaint.  For the reasons discussed below, Plaintiffs' motion for leave to amend will be granted.

I.   BACKGROUND

On February 27, 2004, the truck driven by Riddle struck the vehicle occupied by the decedents, Mary V. Mohr and Leroy P. Mohr.  Am. Compl. and Answ. at ¶ 19.  The parties agree that the

---

[1] Plaintiff Daniel C. Toland, Jr. is suing the Defendants as the personal representative of the estates of Mary V. Mohr and Leroy P. Mohr. The remaining plaintiffs are relatives of the decedents.

1

accident occurred on Interstate 83 in York County, Pennsylvania while Riddle was driving a truck leased to Kellogg Sales by Godfrey Transport, Inc.  Am. Compl. and Answ. at ¶¶ 15-16.

On May 27, 2005, Plaintiffs sued Riddle and Kellogg Sales in this Court.  Plaintiffs have pled 12 counts of negligence under Pennsylvania's wrongful death and survival statutes and seek $800,000,000 in compensatory and punitive damages.  On September 13, 2005, Plaintiffs filed an amended complaint adding Peter Mohr as a plaintiff.  On November 4, 2005, the Court ordered joinder of additional parties by December 21, 2005.  On December 21, 2005, Plaintiffs sought to file a second amended complaint[2] against corporate defendants Kellogg Company ("Kellogg Co."), Keebler Company ("Keebler"), and Godfrey Transport, Inc. ("Godfrey")  Mot. at ¶ 4.

II   ANALYSIS

A.   Plaintiffs' Motion for Leave to Amend the Complaint

On a theory of vicarious liability for the conduct of Riddle, the Plaintiffs seek to file a second amended complaint to add three additional corporate defendants.  *Id*.  Defendants oppose the motion as futile, because Plaintiffs have not alleged any facts about the relationship between Riddle and the three new

---

[2] In accordance with Local Rule 103(6)(d), Plaintiffs sought the consent of opposing counsel; however, Defendants' counsel opposed the amendment.  Mot. at ¶ 5.

defendants to support a vicarious liability claim.  Def. Opp. at 1.  Under Federal Rule of Civil Procedure 15(a), leave to amend should be given freely, absent bad faith, undue prejudice to the opposing party or futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

Unless a proposed amendment is clearly futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not affect the decision whether to allow amendment.  *Openshaw v. Cohen, Klingenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 359 (D. Md. 2004); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980).  Futility is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Openshaw*, 320 F. Supp. 2d at 359; *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the

3

plaintiff.  *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

1.  Pennsylvania Law Applies to the Substantive Claims

Maryland follows the *lex loci delicti* choice of law rule in tort cases, which results in the application of the procedural law of the forum state and the substantive law of the place of the wrong. *Professional Communications, Inc. v. Contract Freighters, Inc.*, 171 F. Supp. 2d 546, 552 (D. Md. 2001)(*citing Naughton v. Bankier*, 114 Md. App. 641, 691 A.2d 712, 716 (1997)). Although the accident occurred in Pennsylvania, Plaintiffs brought this diversity action in federal court in Maryland. Maryland law applies procedurally, and Pennsylvania law applies substantively to Plaintiffs' claims.

2.  Vicarious Liability

Under Pennsylvania law, vicarious liability requires the establishment of a master-servant relationship. *Mettee v. Tyson*, No. 90-5302, 1990 U.S. Dist. Lexis 15811, at *3 (E.D. Pa.

4

1990)(*citing Dickerson v. American Sugar Ref. Co. Inc*., 211 F.2d 200 (3d Cir. 1954)).  A master-servant relationship exists when the employer has the right to hire and discharge the employee and direct what he will do and the manner of his performance.  *Id*. at *4; *Magg v. Stoltzfus*, No. 98-4336 and 99-3423, 2000 U.S. Dist. Lexis 15441, at *8 (E.D. Pa. 2000).  The determination of a master-servant relationship is usually an issue for the jury.  *Id*. at *6; *8.

In addition to proving an agency relationship, Plaintiffs must also show that Riddle was acting within the scope of his employment at the time of the accident.  *Magg* at *7.  For a motor vehicle accident vicarious liability will only be imposed (1) when the vehicle was used by the employee to advance the employer's business interest, and (2) the accident occurred within the time and scope of the employment.  *Id*. at *9.

Plaintiffs allege that deposition and documentary discovery establish the additional corporate defendants' vicarious liability.  Plaintiffs alleged in their first amended complaint that Godfrey owned the truck driven by Riddle, which was leased to Kellogg Sales.  Am. Compl. at ¶ 15.  In their motion to amend, Plaintiffs contend that Godfrey owns the tractor operated by Riddle, although the trailer attached to the tractor may be owned by Godfrey or Kellogg Sales.  Reply at 5.  Riddle's answers to interrogatories state that Godfrey owned the trailer, although

5

his deposition testimony indicated that Kellogg Sales owned the trailer. *Id*. at fn1.

Pictures of the trailer produced by Defendants show the Keebler logo on the side and back of the trailer. *See* Ex. 1a, 1b.  The presumption is that a tractor and trailer bearing logos and a company name is being driven in furtherance of that company. *Lindenmuth v. Steffy*, 173 Pa. Super 509, 510, 98 A.2d 242, 243 (1953).  Although one company may own the vehicle and another company may rent or lease it, the entities are receiving either the benefit of leasing the vehicle or the benefit of having goods transported. *Id*. at 515, 245.  An employee may serve two masters if both companies have the right to control the manner in which he performs his duties. *Mineo v. Tancini*, 349 Pa. Super. 115, 128, 502 A.2d 1300, 1306 (1986).

Defendants produced workers' compensation documents which indicate that Kellogg Co. is Riddle's employer. *See* Ex. 2a, 2b, 3a-d.  Riddle's supervisor, Brian Paull ("Paull"), testified that he is an assistant manager for Godfrey, although he may have indicated Keebler on some forms. Reply at 5-6; Ex. 4-6. Riddle's interrogatory answers indicate that his employer since 2003 has been Kellogg Sales. Def. Opp. Ex. A.  Robert Dunham, a distribution center manager, testified at his deposition that Riddle was employed by Kellogg Sales at the time of the accident, although Kellogg Sales was previously known as Keebler. *Id*. at

6

Ex. B.

It is unclear whether Riddle was employed solely by Kellogg Sales or additional corporate entities. It appears undisputed that at the time of the accident, Riddle was acting within the scope of his employment for someone. Plaintiffs have alleged a sufficient basis to file a second amended complaint.

CONCLUSION

For the reasons discussed above, Plaintiffs' motion for leave to amend will be granted.


February 1, 2006                              /s/
Date                                William D. Quarles, Jr.
                                    United States District Judge